

FILED
CLERK, U.S. DISTRICT COURT

06/05/2014

CENTRAL DISTRICT OF CALIFORNIA
BY: AP _____ DEPUTY

## UNITED STATES JUDICIAL PANEL
### on
## MULTIDISTRICT LITIGATION

**IN RE: MICHAELS STORES, INC., WAGE AND HOUR EMPLOYMENT PRACTICES LITIGATION**                                    MDL No. 2531

                    2:14-cv-04326-GW(AGRx)
         BAGLEY, ET AL. v. MICHAELS STORES, INC.,

### TRANSFER ORDER

**Before the Panel**: Pursuant to 28 U.S.C. § 1407, plaintiffs in two actions move to centralize this litigation in the Central District of California. This litigation consists of five actions pending in the Central, Eastern, Northern, and Southern Districts of California. Defendant Michaels Stores, Inc., agrees that the Central District of California is the appropriate district for these actions, but opposes centralization at this time, arguing that, if granted, pending Section 1404 motions will result in all actions proceeding in the Central District for all further proceedings, including trial. All actions allege that Michaels Stores, Inc., misclassifies its Store Managers in California as exempt and fails to pay them overtime in violation of state laws.

No party disputes that these actions should be transferred to the Central District of California. All parties agree that the actions share common factual allegations and legal issues, and that there are efficiencies to be gained by having the litigation overseen by Judge George H. Wu, who has presided over numerous substantially similar actions. Defendant argues only that Section 1404(a) transfer is a superior means of achieving judicial economy because of the benefit of having trials also take place in the Central District, and there is a reasonable prospect that the resolution of its Section 1404 transfer motions will achieve that result. Plaintiffs contend, however, that the principal trial witnesses in three actions will not be located in the Central District, and thus have opposed defendant's Section 1404 motions. Additionally, after the close of briefing, one court denied defendant's motion for Section 1404 transfer, based on a determination that, *inter alia*, plaintiffs' primary trial witnesses are not located in the Central District.[1] In these circumstances, the Panel concludes that there is not a "reasonable prospect" that resolution of Section 1404 motions could eliminate the multidistrict character of this litigation.[2]

On the basis of the papers filed and the hearing session held, we find that the actions listed on Schedule A involve common questions of fact, and that centralization of this litigation will serve the

---

[1] *See Anderson v. Michaels Stores, Inc.*, 2014 WL 1613952, at *2 (E.D. Cal. Apr. 22, 2014) (holding that the defendant's interest of justice argument "does not overcome the inconvenience to the parties and witnesses that, on balance, weigh against transfer," and denying defendant's motion to change venue without prejudice).

[2] *See In re Schnuck Markets, Inc., Customer Data Breach Security Litig.*, — F. Supp. 2d. —, 2013 WL 5670861 (J.P.M.L. Oct. 18, 2013).

-2-

convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. These actions share factual questions relating to allegations that Michaels Stores, Inc., misclassifies Store Managers in California as exempt and fails to pay them overtime wages in violation of California law. Additionally, the parties have represented that tag-along actions are imminent following decertification of a California class in the *Rea* action last month. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel and the judiciary.

We conclude that the Central District of California is an appropriate transferee district for this litigation. Two actions are pending in this district, including the most advanced action. Additionally, centralization in this district enables us to assign the litigation to Judge George H. Wu who has presided over substantially similar class and individual overtime actions brought by Michaels Store Managers over the past seven years. We agree with the parties' suggestion that Judge Wu's experience in overseeing those actions is likely to benefit the parties here, and to otherwise facilitate the just and efficient conduct of this litigation.

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the actions listed on Schedule A and pending outside the Central District of California are transferred to the Central District of California and, with the consent of that court, assigned to the Honorable George H. Wu for coordinated or consolidated pretrial proceedings with the actions pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Marjorie O. Rendell     Charles R. Breyer
Lewis A. Kaplan     Sarah S. Vance
Ellen Segal Huvelle     R. David Proctor

**I hereby attest and certify on** 06/05/2014
**that the foregoing document is full, true**
**and correct copy of the original on file in**
**my office, and in my legal custody.**

**CLERK U.S. DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

_____
**DEPUTY CLERK**

**IN RE: MICHAELS STORES, INC., WAGE AND HOUR**
**EMPLOYMENT PRACTICES LITIGATION**                          MDL No. 2531

### SCHEDULE A

Central District of California

REA, ET AL. v. MICHAELS STORES, INC., ET AL., C.A. No. 8:13-00455
ALEXANDER, ET AL. v. MICHAELS STORES, INC., ET AL., C.A. No. 8:14-00342

Eastern District of California

ANDERSON v. MICHAELS STORES, INC., C.A. No. 2:14-00500     2:14-cv-04325-GW(AGRx)

Northern District of California

BAGLEY, ET AL. v. MICHAELS STORES, INC., C.A. No. 3:14-01048     2:14-cv-04326-GW(AGRx)

Southern District of California

ALBRIGHT, ET AL. v. MICHAELS STORES, INC., ET AL., C.A. No. 3:14-00507